**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7088**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS NATHANIEL FRANCE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:09-cr-00006-JPJ-1)

Submitted:  March 20, 2020                                  Decided:  March 27, 2020

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Nathaniel France appeals from the district court's order granting in part and denying in part his motion for a sentence reduction under § 404(b) of the First Step Act of 2018 (FSA 2018 or the Act), Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). We affirm.

France pled guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court determined that France was a career offender under the Sentencing Guidelines, calculated his Guidelines range at 262 to 327 months' imprisonment, and sentenced him to 262 months' imprisonment and 10 years of supervised release. France's prison term was later commuted to 188 months.

In his motion for a sentence reduction under the FSA 2018, France argued that, absent his status as a career offender and the applicability of the enhanced prison term under 21 U.S.C. § 841(b)(1)(A), the Guidelines range resulting from the drug quantity for which he was responsible was 77 to 97 months' imprisonment. France urged that a reduction to a 77-month prison term was allowable under the Act and consistent with his "true" offense conduct, and that such a reduced sentence was warranted in light of his positive adjustment and rehabilitation in prison. The district court declined to reduce France's prison term but reduced his supervised release term to eight years. On appeal, France argues that the district court erred by failing to address the argument in his motion for a reduced sentence based on the deviation between the Guidelines range resulting from

2

his status as a career offender and the range resulting from the drug quantity for which he was held responsible.

Section 404 of the FSA 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Covered offenses are those for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. § 404(a), 132 Stat. at 5222. Importantly, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c), 132 Stat. at 5222.

The FSA 2018 "fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) because it expressly permits the court to modify a term of imprisonment." *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019) (internal quotation marks and emphasis omitted). Available relief under the Act is limited to a sentence modification rather than a plenary resentencing. *See id.* at 181 n.1.

The parties here debate the standard applicable for reviewing the district court's decision not to reduce France's prison term. The Government, borrowing from decisions reviewing sentence reductions under 18 U.S.C. § 3582(c)(2), urges review for abuse of discretion. France agrees that we apply an abuse of discretion standard, but urges that we review the reduction decision for procedural and substantive reasonableness, as we do when reviewing the district court's imposition of an original sentence. This case does not require resolution of that debate. "'Even assuming (purely for argument's sake),' that we

3

review a sentence reduction pursuant to the [FSA 2018] for reasonableness under an abuse of discretion standard, none of [France's] arguments convince us that [the district court's] sentence reduction [decision] was unreasonable." *United States v. Jackson*, ___ F.3d ___, No. 19-6288, 2020 WL 1140939, at \*3 (4th Cir. Mar. 10, 2020) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).

After review of the record and the parties' briefs, we conclude that the district court did not commit reversible error in explaining why it declined to reduce France's prison term. France urged that a 77-month prison term was appropriate in light of his positive adjustment and rehabilitation in prison and consistent with his true offense conduct and that, under the FSA 2018, the district court could consider this conduct in imposing a sentence reduction. The district court explicitly considered and acknowledged in its order France's educational milestones, good behavior while incarcerated, and his offense conduct reflected in the presentence report, including the drug quantity for which he was responsible. The court determined, however, that these considerations were not outweighed by the "serious nature" of that conduct and France's "lengthy" and "persistent" criminal history, and that these factors warranted leaving the 188-month prison term in place. Assuming without deciding that a district court in an FSA 2018 case "has equivalent duties to a court initially sentencing a defendant, what the district court did here was sufficient. We are satisfied that the district court considered [France's] arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *Id.* at \*7 (internal citation, quotation marks, and brackets omitted).

4

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*